**Heatherlyn FRANCIS, Plaintiff–Appellant,**

v.

**U.S. FUND FOR UNICEF, Kimberley Penharlow, as an aider and abettor, Ann Marie Grey, as an aider and abettor, Diane Whitty, as an aider and abettor, and Roslyn Carnage, as an aider and abettor, Defendants–Appellees.**

No. 05–4389–cv.

United States Court of Appeals, Second Circuit.

Nov. 13, 2006.

Stafford H. Byers, Mineola, NY, for Appellant.

Diane Windholz, Jackson Lewis LLP, New York, NY, for Appellees.

Present: ROGER J. MINER, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Heatherlyn Francis appeals the district court's grant of summary judgment dismissing her employment discrimination complaint. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues. We hold as follows.

First, as the defendants correctly concede, the judgment granted in this case

must be vacated and remanded in order for the district court to fairly set forth the basis for its decision. *See Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 244–45 (2d Cir.2004).

Second, plaintiff's motions to vacate a default judgment and to vacate entry of default under, respectively, Federal Rules of Civil Procedure 60(b) and 55(c) are not properly before the court. Any such motion—assuming that it could be made at all given that the holding at issue here is a grant of summary judgment—must be made in the district court. Had plaintiff made such a motion and the district court denied it, we would review the district court's order for abuse of discretion. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir.2005). Because plaintiff did not move for vacatur in district court, we have no order before us to review. We note, however, that plaintiff is not without the possibility of a remedy. After the district court entered its discovery orders and granted summary judgment, plaintiff made submissions to the district court suggesting that her defaults in complying with discovery demands and with the schedule for opposing defendants' motion for summary judgment may have been due to her former counsel rather than to her. Because we now vacate the grant of summary judgment, the district court has inherent discretion to revisit its interlocutory orders should it find that modifying them is in the interest of justice. *See Grace v. Rosenstock*, 228 F.3d 40, 51 (2d Cir.2000).

Finally, we have considered plaintiff's remaining arguments and find them to be without merit. We therefore vacate and remand for further proceedings in accord with this order.